RITCHIE (UNITED STATES v.). See Case No. 16,168.

---

## Case No. 11,865.

RITCHIE v. WOODS.

[1 Wash. C. C. 11.] [1]

Circuit Court, D. Pennsylvania. April Term, 1803.

PUBLIC LANDS—PATENT—REGISTRY—ACT OF VIRGINIA—RIGHT OF SETTLEMENT.

1. Under the laws of Virginia, the certificate of registry of a patent, which is required to be given, is not necessary to the title to lands under it. The law is as to this matter merely directory.

2. By the decisions of the courts of Virginia, a right of settlement cannot prevail against a right under a patent.

The title of the plaintiff was under a proclamation warrant, issued by Lord Dunmore, governor of Virginia, to B. Lucas, in 1774; by him assigned to the lessor of the plaintiff, who had the same regularly surveyed in 1775, and a patent granted to him by the governor of Virginia, 20th July, 1780. The disputed line between Virginia and Pennsylvania having been settled by commissioners appointed by those states, and agreed to in September, 1780, by Pennsylvania; she, in April, 1784, passed a law confirming the rights of all persons claiming prior title under Virginia.

Mr. Dallas objected to the patent as evidence, because no certificate of its being registered is annexed, as directed by the law of Virginia.

WASHINGTON, Circuit Justice. The certificate forms no part of the title, which passes by the signing of the governor, and the affixing the public seal. What follows is merely directory to a public officer.

The plaintiff went on to prove the location of the land, by two surveys, which he had directed to be made; and by testimony also; to prove the possession of the defendants to be within those bounds.

Mr. Ingersoll, for plaintiff, relied upon the case of Jones v. Williams, in the court of appeals of Virginia, 1 Wash. [Va.] 230, that the

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

title by settlement set up by the defendant, would not prevail against a patent right.

THE COURT informed the jury, that the law of Virginia must govern this case, and that the legal rule is fixed by the decision in Jones v. Williams. Of course, that the plaintiff's title is complete, and must entitle him to a verdict, if the jury should be satisfied that defendants are in possession of the land in question.

Verdict for plaintiff.